J-A33023-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA

          Appellant    :
                               :

            v.           :
                               :

THOMAS DANTZLER,           :
                               :

          Appellee      :     No. 681 EDA 2014

Appeal from the Order Entered January 28, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0008351-2012

BEFORE:  LAZARUS, WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED APRIL 17, 2015**

I respectfully dissent.

As the Majority correctly observes, this appeal concerns whether the Commonwealth presented sufficient evidence at the preliminary and *habeas* hearings to establish a *prima facie* case that Dantzler entered into a conspiracy with Heard to commit, *inter alia*, aggravated assault.  In my view, when the evidence presented at these hearings is viewed in the light most favorable to the Commonwealth, the Commonwealth met its burden of proof, and therefore, the trial court erred by granting the "Defendant's Motion to Quash Information."

If a fact-finder were presented with, and found credible, the evidence submitted by the Commonwealth in the preliminary and *habeas* hearings, it could conclude that Smith and Tiffany assaulted Dantzler on March 27,

* Retired Senior Judge assigned to the Superior Court.

2012; thus, creating a motive for Dantzler to exact revenge against Smith.[1] The fact-finder could further find that, a few weeks after the assault, Dantzler and Heard appeared in front of Smith's home where Heard took a picture, and then a short time later while sitting in the passenger side of a black Dodge Durango driven by Dantzler, Heard warned Ms. Amos not to be home that night. The evidence also establishes that, only a few hours later, Ms. Amos saw Heard outside of her home and heard shots fired; two bullets struck Smith. Moreover, a surveillance camera captured a person dressed similarly to Heard enter a dark-colored Dodge Durango around the time of the shooting and mere blocks from the shooting. The police later determined that Dantzler's wife owns a black Dodge Durango. Accordingly, a factfinder could conclude that Dantzler provided a getaway vehicle for Heard.

From all of this evidence, a fact-finder could draw a reasonable inference that Dantzler and Heard agreed that Heard would shoot Smith and that Heard did follow through on the agreement by shooting Smith. In other words, this evidence establishes a *prima facie* case that Dantzler conspired with Heard to commit aggravated assault, and thus, the Commonwealth can

_____

[1] The Majority states that any motive Dentzler had is irrelevant to a determination as to whether the Commonwealth established that Dentzler entered into a conspiracy with Heard. Majority Memorandum at 7-8. The Commonwealth was not required to present evidence of a motive in order to demonstrate a *prima facie* conspiracy case against Dentzler; however, such evidence certainly is relevant to "creating a web of evidence implicating Dantzler in a conspiracy[.]" *Id.* at 7.

prosecute Dantzler for all of the crimes for which he was charged under a conspiracy theory. **See Commonwealth v. Galindes**, 786 A.2d 1004, 1011 (Pa. Super. 2001) ("The general rule of law pertaining to the culpability of conspirators is that each individual member of the conspiracy is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy.").

In my view, a trial court does not have the discretion to dismiss charges when, at a preliminary or *habeas* hearing, the Commonwealth presents sufficient evidence to demonstrate a *prima facie* case against the defendant. Because I conclude that the Commonwealth met its burden in this case, I would reverse the trial court's order and remand for further proceedings.